## SUPREME COURT.

### JARED GOODYEAR, respondent, agt. ELIJAH M. VOSBURGH, appellant.

It is well settled in this state, that standing trees form part of the land, and as such are real property.

In 1833, B. & B. sold to C. & L. the timber and wood on about fifty acres of land, with the privilege at any time thereafter, to enter upon the premises and take off all the timber and wood. The instrument was sealed, and purported to have the name of a subscribing witness, but the referee found that the signature of the subscribing witness was not genuine. It was not acknowledged until 1867, and was not recorded:

*Held*, that the instrument purported to convey a freehold estate, and was void under our statute. *The case of Warren* agt. *Leland*, (2 *Barb.*, 613,) *doubted, but distinguished from this case, Verbeck* agt. *Roe*, (50 *Barb.*, 302,) *concurred in.*

The conveyance did not take effect as against the subsequent, grantees of B. & B. and the plaintiff acquired no title to the timber or wood as against them.

*Broome General term, January,* 1869.

BALCOM BOARDMAN & PARKER, *Justices.*

THIS action was brought to recover the value of a quantity of pine timber and logs, and was tried before a referee who reported in favor of the plaintiff, and the defendant appealed.

The facts are sufficiently stated in the opinion of the court.

H. STURGES, *for the respondent.*

L. L. BUNDY, *for the appellant.*

*By the court,* PARKER, J.—This action was brought to recover the value of a quantity of pine timber cut by the defendant, which the plaintiff claims to own. It was tried before a referee, who found in favor of the plaintiff, and ordered judgment against the defendant for $60 damages,

besides costs, from which judgment the defendant appeals.

The facts, so far as material, in the view I take of the case, are as follows:

The plaintiff claims the timber in question, by virtue of a sale of the same to him, and Peter Collier, now deceased, by one John Beames, who was lessee of the land, on which the timber was standing, under a lease made to him by Goldsbroo Bauyer, on the 24th day of November, 1812, for the term of three lives then in being, two of which still subsist. The instrument in writing, by which the sale was made, was dated February 13, 1833, and purported to convey all the wood and timber on about fifty acres of the land covered by said lease, with authority to the said vendees thereof, at any time thereafter, to enter upon the premises and take off the same. It purported to be signed and sealed by said Beames, and to be witnessed by Jas. G. Walley. The referee found that the signature of Jas. G. Walley, (who at the time of the trial was deceased,) was not genuine, and that he was not a subscribing witness to the instrument. On the 1st day of January, 1867, the said Beames acknowledged the execution of the instrument before a proper officer.

Peter Collier died in 1846, intestate, leaving him surviving, one child and sole heir at law, a daughter, who was married to the plaintiff in 1822 and who is still his wife, and by whom he has living issue.

It also appears that on the 11th of November, 1833, the said Beames assigned said lease under his hand and seal to said Collier & Goodyear.

The defense rests upon an alleged title of defendant's wife to the *locus in quo*, under whom the defendant acted in cutting and taking off the timber in question. Such title is made as follows: On the 3d day of January, 1837, the said Beames gave a quit-claim deed of seventy-one acres, comprising the premises on which the timber was cut, to E. R. Ford.

On the 4th of April, 1864, Ford and wife conveyed the same to E. C. Hodge, and on the 1st of April, 1867, Hodge conveyed to defendant's wife. Under these conveyances she claims the leasehold estate in the premises.

On the 1st of May, 1865, G. S. Bauyer, (who had suc-ceeded to the interest of the lessor,) conveyed the premises on which the timber stood, to John Beames, Jr. & Dewitt C. Beames, subject to the said original lease, also to the said deed of seventy-one acres to said Ford, also subject to all claims of Collier & Goodyear, or Jared Goodyear, and also subject to all deeds, conveyances, contracts and sales, made by said John Beames or his assignees, of said premises, or any part thereof. On the 11th of March, 1866, said John & Dewitt Beames conveyed said seventy-one acres to defendant's wife, subject to the same incidents as in said deed to them.

None of these deeds or instruments appear from the evidence or findings, to have been recorded, except as follows, viz.: the deed of 3d of January, 1837, from Beames to Ford, on the 16th of January, 1837; the deed of 4th April, 1864, from Ford & Hodge, on the 11th of June, 1864; the deed of 1st April, 1867, from Hodge to defendant's wife, in February, 1868; the deed of 1st May, 1865, from G. S. Bauyer, to John & Dewitt Beames, on the 3d of July, 1866; and the deed of 11th March, 1866, from John & Dewitt Beames to defendant's wife, on the 9th of April, 1866.

The referee finds that Ford, when he took said deed to him, knew that Collier & Goodyear claimed to have bought the timber on said piece of land, on which the same was cut by defendant.

The question of Beames' right as lessee, to sell the timber in question, is disposed of by the fact found by the referee, that his lessor had recognized, and in effect ratified the sale so far as his interests were concerned.

The leading question in the case, as here presented, is,

whether the interest in the wood and timber purchased by Collier & Goodyear, under the instrument in writing, dated February 13, 1833, was such an *interest in land* as constituted a freehold estate or not. The learned referee held that it was not, and therefore, that the conveyance thereof, although, there was neither subscribing witness to the instrument, nor acknowledgement thereof, was sufficient to convey the title to the vendees, at the time of its execution. This holding, I am constrained to think, erroneous. If the doctrine of the case of *Warren* agt. *Leland*, (2 *Barb.*, 613,) can be maintained, this case is essentially different, inasmuch as the instrument of sale clearly contemplates the transfer, not only of all the wood and timber then standing upon the premises, but of the right to its occupancy and growth upon the premises in perpetuity—for it expressly gives the vendees the right *at any time* thereafter, to enter upon the premises and take off all the timber and wood within the bounds that day marked out. The doctrine of the case above cited, that a sale and conveyance of growing trees is not the conveyance of a freehold estate, and may be made by an instrument in writing not under seal, is thus qualified by the court making the decision. " These observations are to be deemed applicable to a conveyance of the growing trees, standing on the land at the time of the conveyance, and not to a conveyance of an interest in any future trees which may grow on the land; which might embrace an exclusive interest in the soil so far as may be necessary for the support and nourishment of the trees; and these observations ought, perhaps, also to be qualified by an application of them to a conveyance of growing trees in prospect of their separation from the soil, *within a reasonable time.*" The decision in that case was not intended, therefore, to reach such a case as this, so that it is unnecessary here to discuss the question of its soundness.

It is well settled in this state, that standing trees form

part of the land, and as such, are real property. (*Green* agt. *Armstrong*, 1 *Denio*, 550; *McGregor* agt. *Brown*, 6 *Seld.* 117; *The Bank of Lansingburgh* agt. *Crary*, 1 *Barb.*, 542; *Vorebeck* agt. *Roe*, 50 *Barb.*, 302; *Warren* agt. *Leland*, 2 *Barb.*, 613.) An owner in fee of the land, has the same estate in the trees as in the soil, unless there has been a severance of ownership by such conveyance as is adequate to effect it.

Now, although, in the case at bar, the grantor of the trees had but an estate for lives in the land, his conveyance of the trees purported to convey the entire interest in them, with the right of their indefinite continuance on the land. If he had the power to make such a conveyance—which is not here questioned—the question now is: did he, by the instrument which he executed, make a conveyance which became operative, as against Ford, prior to his conveyance to him, as above stated.

The statute provides that: "every grant in fee, or of a freehold estate, shall be subscribed and sealed by the person from whom the estate or interest conveyed is intended to pass, or his lawful agent; if not duly acknowledged previous to its delivery. * * Its execution and delivery shall be attested by at least one witness; or if not so attested, *it shall not take effect* as against a purchaser or incumbrancer, until so acknowledged." (1 *R. S.*, 1*st ed.*, 738, § 137.)

There can be no doubt, I think, that the interest or estate which the instrument of sale purported to grant, in the trees, was at least a freehold estate. The entire interest in this portion of the land was, by the terms of the deed, granted. If instead of the trees, it had been the soil so granted, there would be no doubt that it would have been a grant of at least a freehold estate. The subject matter of the grant being the trees, confessedly a part of the land, I cannot see how the estate granted in this part of the land is less than if it were the soil.

Even if, by a legal fiction, the grant operates to effect a

Goodyear agt. Vosburgh.

severance of the trees from the soil, so as to render them henceforth personal property, still the estate which passed from the grantor, is no less a freehold estate than if no such effect was produced; and no writing less than a deed legally executed, is sufficient to divest the grantor of such estate. That the estate, when it reaches the grantee, is transmitted by fiction of law into personal property, can have no effect on the requirement of the statute above quoted.  This reasoning seems to me sound, although it conflicts with the decision in *Warren* agt. *Leland*.  But, as above shown, it is not necessary to resort to it in this case, in view of the extent of the grant, which even under the case of *Warren* agt. *Leland*, is clearly within the terms and effect of the statute above cited.

The result then is, that the conveyance of the trees to Collier & Goodyear did not *take effect*, as against Ford and his grantees, until January 1, 1867, when it was acknowledged by Beames.  Prior to that time Beames' interest in the premises, through his conveyance to Ford and the subsequent *mesne* conveyances, had vested in defendant's wife. So that, the failure of the conveyance to "*take effect*" as against these purchasers until after their titles had accrued, left the plaintiff with no title as against the defendant.

This view of the effect of the instrument of sale to Collier & Goodyear, disposes of the case, and shows that judgment should have been given for the defendant.

The judgment appealed from must be reversed, and a new trial granted, costs to abide the event.