AARON ROGGEN *vs.* JOHN AVERY.

An instrument in writing, under hand and seal, but without a subscribing witness or acknowledgment, as required by the Revised Statutes, is insufficient to convey real estate, and void as against a purchaser or incumbrancer.

APPEAL, by the defendant, from a judgment entered at the circuit, upon the verdict of a jury. The opinion sets forth the material facts.

*By the Court*, P. POTTER, J. This was an action of ejectment, tried at the circuit in June, 1869, in which the plaintiff recovered a verdict for one undivided third of the premises claimed in the complaint.

The case is very voluminous, and many technical questions arise, but as the right of the plaintiff to recover depends chiefly upon the validity of a written instrument, it will only be necessary to pass upon that question, to determine the correctness of the verdict.

The plaintiff, by a deed of trust of June 1, 1844, held certain real and personal estate of his sister, then Mary Roggen, to her use, during her life, and at her death without issue, to pay over the same to her brother and sisters, three in number, of whom the plaintiff was one. Mary Roggen afterwards married Robert D. Howe, but died without issue. After her marriage, and on the 3d of August, 1860, she received a conveyance by deed, from one M. B. Mattice, a referee appointed to sell real estate upon a judgment in the Supreme Court, for the consideration of $500, of a parcel of land at Oak Hill, Greene county, containing half an acre, more or less. This lot, it appears, was purchased with the receipts of interest and income of the trust estate in the hands of her brother, the plaintiff.

On the 20th of May, 1862, the said Mary R. Howe executed, under her hand and seal, but without a subscribing witness or acknowledgment, an instrument reciting, among other things, that her brother, the plaintiff, had advanced

to her, on mortgages in his hands as her trustee, certain moneys to purchase said Oak Hill property; and also that by signing the receipts for said money, she did not intend in any way to interfere with the moneys so held in trust for her, and expressing her wish and intention that the plaintiff should hold the deed in trust for her, as before; and concludes in these words:    "And I, Mary R. Howe, do hereby assign, transfer and set over unto Aaron Roggen, my trustee, all my estate, both real and personal, of every kind and nature, for him to have and to hold the same under the trust deed given by me February 22, 1844; and it is my wish and desire to have the said trust deed carried out for the purposes therein contained, and in every respect."

The plaintiff's title depends upon this instrument being a conveyance to him of this Oak Hill lot, to hold as if it was a part and parcel of the trust deed of 1844.

The defendant claims title to the same premises, from the said Mary R. Howe; first, from her will, made in July, 1864, duly proved in September of the same year, by which she bequeaths all her property, of whatsoever name or nature, to her husband, Robert D. Howe.    Second.  On the 6th day of March, 1866, Robert D. Howe, by a warranty deed duly acknowledged and recorded, conveyed the said premises to John Avery, the defendant.    This is the defendant's title.

The main question in the case, therefore, is, whether the instrument signed by Mary R. Howe, of the 20th of May, 1862, was sufficient to convey real estate.    The complaint and answer, both, show the action to be one at law, strictly.

The Revised Statutes (*Vol.* 1, *Edm. ed., p.* 148, § 150) declare, that "every grant in fee, or of a freehold estate, shall be subscribed and sealed by the person from whom the estate or interest conveyed is intended to pass, or his lawful agent; if not duly acknowledged previous to its de-

livery, according to the provisions of the third chapter of this act, its execution and delivery shall be attested by at least one witness, or if not so attested, it shall not take effect, as against a purchaser or incumbrancer, until so acknowledged."

The plaintiff must rely upon his title, and not upon the weakness of the defendant's. It seems to me he failed to establish his title, on the trial. His deed fails to answer the requirements of the statute.

Without noticing the other questions in the case, the verdict should be set aside, and a new trial ordered; costs to abide the event.

[THIRD DEPARTMENT, GENERAL TERM, at Albany, January 2, 1872. *Miller, Potter* and *Parker,* Justices.]