AARON ROGGEN, Appellant, v. JOHN AVERY, Respondent.

(Reargued May 25, 1875; decided June term, 1875.)

THIS was an action of ejectment. (Reported below, 63 Barb., 65.)

Both parties claimed title under Mary R. Howe, a former owner. Plaintiff claimed under a deed not acknowledged or attested by a subscribing witness. Defendant was a purchaser from a devisee of Mary R. Howe. The principal question discussed was as to whether, under the provision of the Revised Statutes (1 R. S., 738, § 137) declaring a grant in fee not duly acknowledged or attested by at least one witness, ineffectual as against a purchaser, plaintiff could claim under his deed as against a purchaser who had notice, actual or constructive, at the time he purchased of plaintiff's deed. Upon this point the commissioners (REYNOLDS, C., not sitting) were evenly divided; LOTT, Ch. C., and EARL, C., holding that the word "purchaser," was used in the section, unqualifiedly and included any purchaser. DWIGHT and GRAY, CC., holding it only included a purchaser in good faith. GRAY, C., however, held with the two former, that the evidence tended to show that defendant was a purchaser in good faith without notice, and that the trial court erred in refusing to submit that question to the jury.

*Samuel Hand* for the appellant.

*Henry Smith* for the respondent.

EARL, C., reads for affirmance; LOTT, Ch. C., and GRAY, C., concur; GRAY, C., upon the last ground discussed in the opinion.

DWIGHT, C., reads for reversal; GRAY, C., concurs in the first ground discussed; REYNOLDS, C., not sitting.

Order of General Term affirmed and judgment absolute directed against plaintiff.