GEORGE CHAMBERLAIN, APPELLANT, *v.* WILLIAM SPARGUR AND OTHERS, IMPLEADED, &c., RESPONDENTS.

*Right of a subsequent purchaser to attack a prior unacknowledged and unattested deed—1 R. S., 738, § 137.*

Under section 137 of 1 R. S., 738, a deed not acknowledged or attested by at least one witness, previous to its delivery, does not take effect, as against a subsequent purchaser or incumbrancer, until so acknowledged; and such a purchaser or incumbrancer may attack the deed, without showing that he purchased in good faith and without notice of it.

APPEAL from a judgment in favor of the defendants, establishing his title to certain real property, entered upon the trial of this action by the court without a jury.

Mary L. Woodward, one of the defendants in the case, originally owned the lands and premises in question, which were situate in

the town of Allegany, in the county of Cattaraugus, and which were placed by her husband in the charge of one William Howe for sale. Howe, in conjunction with his partner, Hoxie, made an arrangement with one John J. Moore, whereby Moore was to purchase and take a deed of the property at the price of $11,324, of which one-half was paid by the transfer of a patent right, and for the balance Moore gave his mortgage, covering the premises, and payable in ten years, with interest annually, to Howe alone, and Howe & Hoxie executed a deed of the premises to Moore, relying on their ability to procure a deed from Mrs. Woodward. This occurred, and the papers were dated on February 28, 1867. At or about the time of this transaction, Howe prepared a deed running from Mrs. Woodward to Hoxie and himself, bearing that same date, and containing a covenant of warranty, which covered the premises in dispute, and which he took to her for execution on March 2, 1867. After some demur she signed it, and her husband then took it to a justice of the peace, who lived some distance away, for the purpose of procuring him to take the acknowledgment. The justice filled out and officially signed the acknowledgment, but upon his presenting it and himself before Mrs. Woodward, she refused to acknowledge it, and he thereupon left it with her in that condition, an apparently executed and acknowledged instrument.

Her husband subsequently, but on the same day, took it, and without her knowledge and against her wishes delivered it to Howe, who at once procured it to be recorded, of which fact Howe notified Woodward by letter; and the first knowledge Mrs. Woodward had of the delivery of the deed to Howe came from her perusal of that letter about two weeks afterward. Although she claimed to have greatly resented the act of her husband in passing the deed to Howe, she never took any steps to procure its revocation, never protested against it except to her husband, but on the other hand prosecuted to judgment on a complaint sworn to by herself, an action against Howe upon the note he gave for a part of the consideration of the deed, the residue of the consideration (the whole being $600) consisting of a check, the proceeds of which her husband received and appropriated.

Thereafter various conveyances of the property and assignments of the said mortgage were made, by virtue of which Mrs. Woodward, claiming to have re-acquired the title to the property, conveyed a part of the same by quit-claim deeds to certain of the defendants, and executed leases of the remainder to the others. The nature of these conveyances need not be considered, as the court held that Mrs. Woodward did not re-acquire the title ·by them. The plaintiff claimed under the first deed.

*Bolles & Moulton*, for the appellant.

*Jones & Sparger*, for the respondents.

HARDIN, J.:

The principal question in this case calls for a construction of section 137 of article 4 of title 2 of chapter 1 of part 2 of the Revised Statutes.

Mrs. Woodward signed her name to a deed, March, 1867, but the same was not attested or acknowledged. It was taken into possession by her husband, and delivered and put upon record. Subsequently she conveyed and leased to other parties. The statute referred to is, viz.: " Every grant in fee of a freehold estate should be subscribed and sealed by the person from whom the estate or interest conveyed is intended to pass, or his lawful agent; if not duly acknowledged previous to its delivery, its execution and delivery *shall be attested* by at least one witness, *or if not so attested*, it shall not take effect as against a purchaser or incumbrancer until so acknowledged." (1 R. S., 738, § 137.)

We think the weight of authority supports the construction given to this statute by the Special Term.

" Until so acknowledged," the deed of Mrs. Woodward did " not take effect as against a purchaser or incumbrancer."

The language is absolute and comprehensive. And without discussing the reason for the rule or the argument to the effect that the statute refers to " purchasers " or incumbrancers, in good faith and without notice, and those only, we yield our assent to the authorities and approve of the construction given by the Special Term. (*Goodyear* v. *Vosburgh*, 57 Barb., 246 ; *S. C.*, 39 How.

Pr., 377 ; _Roggen_ v. _Avery_, 63 Barb., 65, which was affirmed by the Commission of Appeals in 65 N. Y., 592.)

Nor were the purchasers from Mrs. Woodward estopped from asserting the invalidity of her deed thus made. She could not herself dispense with the requirements of the statute, nor with the consequences which the statute declares shall attend an unattested and unacknowledged deed.

We think the conclusions of fact reached by the trial court were supported by the evidence.

The judgment should be affirmed, with costs.

TALCOTT, P. J., and SMITH, J., concurred.

Judgment affirmed, with costs.