SUSAN H. CHURCH, Plaintiff, *v.* PASQUALE GROSSI (Sued as PATSEY · GROUSE) and Another, Defendants.

Supreme Court, Orange Special Term, December 19, 1924.

Trespass — action to recover damages for cutting down and removing standing timber — one of defendants, husband of plaintiff, sold other defendant standing timber of certain size — later land was transferred to plaintiff with knowledge of sale — sale of timber was not sale of interest in real property transferable only by instrument in writing as required by Real Property Law, § 243 — said sale was sale of personal property — equitable conversion — plaintiff cannot recover.

The plaintiff cannot recover in this action for the cutting down and removing of standing timber, on the theory that the sale of the standing timber by plaintiff's husband, one of the defendants, to the other defendant prior to the time the plaintiff acquired the land on which the timber stood, was invalid because the sale of the timber amounted to a transfer of a freehold estate in land and was not made by instrument in writing as required by section 243 of the Real Property Law, for the sale of timber of a certain size to be cut and removed by the purchaser within a definite period is a sale of personal property and not a sale of an interest in real property.

There was an equitable conversion, so that even though the trees were not actually cut they became personal property and belonged to the purchaser.

ACTION in trespass brought by the plaintiff against the defendants to recover damages for the cutting down and removing of standing timber from real property owned by the plaintiff.

*Watts, Oakes & Bright,* for the plaintiff.

*Peter Cantline,* for the defendant Pasquale Grossi.

*J. Floyd Halstead,* for the defendant Edgar A. Church.

SEEGER, J.:

The facts are practically undisputed. The defendant Edgar A. Church and the plaintiff were formerly husband and wife but are now divorced. Prior to April 15, 1924, the real property in question belonged to the defendant Church and on or about October 11, 1923, he sold to the defendant Grossi all of the standing timber over six inches in diameter contained in a pasture lot bordering upon the Wallkill river and 500 feet from the river bank, for the sum of $550, which was paid to defendant Church and for which he gave a receipt in writing as follows:

           " CAMPBELL HALL, N. Y., *Oct.* 11, 1923.

" Received from Patsey Gross, check for Five Hundred and Fifty and 00/100 Dollars in full payment for all standing timber over six inches in diameter contained in pasture lot bordering the

Wallkill River, Five Hundred feet from said river banks. Two years time to be granted for removal from this date. Excepting all tops and limbs                              E. A. CHURCH."

Grossi began cutting timber in the month of November or December, 1923, and in the early part of January, 1924, installed a sawmill on the premises. The plaintiff procured a divorce from the defendant Church and an interlocutory judgment was entered therein November 17, 1923, which automatically became final on February 17, 1924. Subsequently there were negotiations regarding a lump settlement of alimony, as a result of which the defendant Church deeded to the plaintiff a farm of about ninety-five acres, including the land upon which this timber was situated, and the deed was delivered on or about April 15, 1924.

There is no dispute but that the plaintiff had actual knowledge of the conveyance of the timber to the defendant Grossi a long time before the delivery of the deed, and as late as April 1, 1924, she arranged to rent stable room upon the premises to Grossi and received ten dollars in payment of rent for the month of April. One of her minor sons worked for defendant Grossi cutting the wood. She resided on the premises, and this son resided with her.

The plaintiff contends that a sale of standing timber is a grant of a freehold estate and could only be transferred by an instrument in writing executed according to the provisions of section 243 of the Real Property Law. I do not think that this contention is correct. Had a grant been made of a right in perpetuity to enter on the land and remove trees it would have been a different matter, but in this case certain specified trees were sold by the defendant Church to the defendant Grossi and they were to be removed within a definite period. There was, therefore, an equitable conversion so that even though the trees were not actually cut they became personal property and were the property of the defendant Grossi. Furthermore, in making the agreement of sale the defendant Church expressly reserved all tops and limbs of the trees so that he did not even sell an entire tree.

In *Lyon* v. *Wing* (20 Wkly. Dig. 144) the court held that the sale by written agreement, not under seal, of standing timber, with the intention that the vendee should cut and remove the same, is sufficient to pass title to the growing trees, and changes them from real to personal property as between the parties.

In the same case the court also held that if the purchaser of the land took his deed with notice, actual or constructive, he acquired

no interest in the trees as against the plaintiff who had purchased them under a contract in writing and not under seal.

The plaintiff cites the cases of *Goodyear* v. *Vosburgh* (57 Barb. 243) and *Warren* v. *Leland* (2 id. 613) as authority for the proposition that a sale of standing timber is a grant of a freehold estate and comes within the terms of section 243 of the Real Property Law, which provides that: " A grant in fee or of a freehold estate, must be subscribed by the person from whom the estate or interest conveyed is intended to pass, or by his lawful agent. If not duly acknowledged before its delivery, according to the provisions of this chapter, its execution and delivery must be attested by at least one witness, or, if not so attested, it does not take effect as against a subsequent purchaser or incumbrancer until so acknowledged."

An examination of the case of *Warren* v. *Leland* (*supra*), however, discloses the fact that the court in that case also held as follows: " * * * Growing trees are an interest in land, and so long as they are annexed to the land, and are neither actually or in contemplation of law severed therefrom, they cannot be sold or transferred by parol. But growing trees may be severed, in law, from the land, and become personal property, without an actual severance; as where the owner of the fee in the land, by a valid deed or conveyance in writing, sells the trees to a third person, or where he sells the land, reserving the trees. In both these cases the timber and trees become chattels distinct from the soil, and go to the executor; for in construction of law they are abstracted from the earth. (Toll. Law of Ex. 194. 3 Bac. Ab. 64. *Stukely* v. *Butler*, Hobart's Rep. 300. 1 Hil. Ab. 6.)

" Although the conveyance of growing trees, being an interest in lands, must be by a deed or conveyance in writing, it does not follow that the conveyance must be under seal. A seal is necessary only to a conveyance of a freehold estate in land. Estates less than freehold may be created or assigned by deed or writing without seal. A lease for any number of years may be created or assigned by writing without seal; because it is a chattel real and not a freehold estate. (12 John. 73. 7 id. 211. 4 Kent's Com. 481. 1 R. S. 738, § 137.)

" Growing trees, when severed from the land, in law, by a valid sale in writing by the owner of the fee in the land, in prospect of an actual separation, even before an actual severance, become chattels — chattels personal — not chattels real. (Roberts on Frauds, 126. Toll. 194. 3 Bac. Ab. 64. Hob. Rep. 300. 1 Greenl. Ev. § 271, note, 3d. ed.) Timber trees severed, in law, from the land, want the chief characteristic of a chattel real, that of immobility, the quality which a chattel real possesses in common

with real estate, and which denominates it real. (Cruise's Dig. tit. 8, ch. 1, § 26.)

" * * * Growing trees, when they are the subject of an ownership, distinct from the ownership of the soil, are no longer deemed as annexed to the realty, but are regarded as entirely abstracted or divided therefrom. They are regarded as chattels personal merely; like growing crops of grain and vegetables, which are the annual produce of labor, and of the cultivation of the earth. (*Evans* v. *Roberts*, 5 Barn. & Cres. 829. 3 Bac. Ab. 64. Toll. 194. Hob. Rep. 300.)

" If, however, standing timber after a severance, in law, are chattels real, not being a freehold estate, a writing under seal is not required to pass the title thereto."

The court in that case also held at page 619 that a conveyance of growing trees by the owner of the fee of the land, to a third person, was not the conveyance of a freehold estate, and that a freehold estate does not pass by such conveyance but merely the title of a chattel real, but it expressly stated that this applied only to a conveyance of the growing trees standing on the land at the time of the conveyance, and not to a conveyance of an interest in any future trees which may grow on the land.

The case of *Goodyear* v. *Vosburgh* (*supra*) was distinguished by the court from the case of *Warren* v. *Leland* (*supra*) by the fact that it was not intended to reach a case such as the case of *Goodyear* v. *Vosburgh*.

The decision in *Lyon* v. *Wing* (*supra*) cited both of these cases in Barbour and the conclusion arrived at was made after a consideration of both of them.

I am, therefore, constrained to the opinion that the defendant Church did not undertake to grant and did not grant a freehold estate to the defendant Grossi but that the transaction consummated by the writing which he executed and delivered to said defendant Grossi was a conveyance of the trees as personal property, and operated as such, and that the instrument in question was sufficient for that purpose; and that by reason of the fact of the plaintiff's knowledge of the transaction and her participation therein she acquired no title to the trees sold to defendant Grossi; and that she is estopped from claiming the same and should not have or maintain this action.

Judgment is, therefore, directed upon the merits in favor of the defendants against the plaintiff, with costs. Settle findings on notice.